# United States Court of Appeals for the Federal Circuit

---

**AMP PLUS, INC., DBA ELCO LIGHTING,**
*Appellant*

**v.**

**DMF, INC.,**
*Appellee*

---

2023-1997

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2019-01094.

---

Decided: March 19, 2025

---

GUY RUTTENBERG, Ruttenberg IP Law, PC, Los Angeles, CA, argued for appellant. Also represented by BRUCE DONOVAN KUYPER.

DAVID W. LONG, Ergoniq LLC, McLean, VA, argued for appellee. Also represented by BEN M. DAVIDSON, Davidson Law Group, Calabasas, CA; KEVIN B. LAURENCE, Laurence & Phillips IP Law, Washington, DC.

---

Before LOURIE, BRYSON, and REYNA, *Circuit Judges*.

REYNA, *Circuit Judge*.

AMP Plus, Inc., doing business as ELCO Lighting, appeals from a final written decision of the Patent Trial and Appeal Board, which found that ELCO failed to show claim 22 of U.S. Patent No. 9,964,266 was unpatentable as obvious. We affirm.

BACKGROUND

Appellee DMF, Inc. ("DMF") owns U.S. Patent No. 9,964,266 ("'266 patent"), which relates to a compact recessed lighting system that can be installed in a standard electrical junction box. J.A. 154, Abstract. At issue on appeal is claim 22 of the '266 patent, which recites, in relevant part, that the compact recessed lighting system comprises:

> a plurality of wires connected to the driver and connected to a first connector . . . coupled to a second connector . . . wherein the second connector is coupled to electricity from an electrical system of a building in which the compact recessed lighting system is installed.

J.A. 167, 11:35–43. The parties refer to this limitation as "Limitation M."

On May 17, 2019, Appellant AMP Plus, Inc., doing business as ELCO Lighting ("ELCO"), petitioned the Patent Trial and Appeal Board ("Board") for inter partes review of certain claims of the '266 patent, raising three grounds of unpatentability. J.A. 61. Ground one argued that claim 17 and several other claims, not including claim 22, were anticipated by Imtra 2011.[1] J.A. 77. Ground two

---

[1] This is a brochure titled "Advanced LED Solutions – Imtra Marine Lighting." J.A. 391. The brochure

argued that claim 22 and other claims were rendered obvious by Imtra 2011 in view of a second brochure, Imtra 2007.[2] *Id.* ELCO's petition argued that under this ground, Limitation M in claim 22 was obvious because:

> Imtra 2011 discloses that the "fixture is equipped with an 18 awg Triplex cable tail for direct hook up to an AC J-box." (Imtra 2011, p. 6) The use of interlocking or key connectors (interlocking connectors) and junction boxes in connection with lighting fixtures were known to a POSITA. A POSITA would know that wire connections between the fixture and the power source can be made in a variety of ways, including a keyed output connector. (Bretschneider, ¶158-159).

J.A. 124–25. Finally, ground three argued that claim 22 and other claims were rendered obvious by Imtra 2011, Imtra 2007, and Gifford.[3] J.A. 77.

The Board issued its final written decision finding (1) Imtra 2011 anticipated claim 17 and (2) ELCO failed to show unpatentability of all other claims. *AMP Plus, Inc. v. DMF, Inc.*, No. IPR2019–01094, 2020 WL 6811241, at *17, *24 (P.T.A.B. Nov. 19, 2020). ELCO then appealed to this court, where we affirmed as to all claims except for claim 22. *AMP Plus, Inc. v. DMF, Inc.*, No. 2021–1595, 2022 WL 16844516, at *7 (Fed. Cir. Nov. 10, 2022). We noted that

---

discusses LED and halogen lighting fixtures available for use in a variety of marine applications. J.A. 392–403.

[2] This is a brochure titled "Imtra Marine Lighting – Spring 2007." J.A. 431. It discusses LED and halogen lighting fixtures available for use in a variety of marine applications. J.A. 432–38.

[3] U.S. Patent No. 9,366,418.

"the Board never explicitly addressed the patentability of claim 22," and we therefore vacated and remanded for the Board to address the parties' arguments concerning this claim. *Id.* at *3.

On remand, the Board issued a final written decision, concluding that ELCO failed to show the unpatentability of claim 22. J.A. 3. The Board noted that ELCO's petition presented "no analysis" of the portion of Limitation M concerning "coupl[ing] to electricity from an electrical system of a building in which the compact recessed lighting system is installed." J.A. 7 (alteration in original). The Board stated that:

> [ELCO] appears to vaguely suggest that the marine recessed lighting systems disclosed in Imtra 2011 could be installed in a building, but such suggestion is unsupported by evidence. The portions of Imtra 2011 and Dr. Bretschneider's Declaration [that ELCO] relies on fail to address installation of Imtra 2011's marine lighting system in a building.

J.A. 8–9. The Board concluded that:

> In view of [ELCO]'s failure to direct us to evidence sufficient to establish a person of ordinary skill in the art could have and would have installed the marine recessed lighting system disclosed in Imtra 2011 in a building, we find [ELCO] fails to show obviousness of claim 22 over the combination of Imtra 2011 and Imtra 2007 by a preponderance of the evidence.

J.A. 9.

ELCO appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

As a threshold matter, DMF argues that we lack jurisdiction over this appeal because ELCO failed to timely file a notice of appeal that complied with the regulatory requirements at 37 C.F.R. § 90.2(a)(3)(ii). Appellee Br. 18. DMF's argument is unpersuasive.

"When Congress enacts a jurisdictional requirement, it mark[s] the bounds of a court's power: A litigant's failure to follow the rule deprives a court of all authority to hear a case." *Harrow v. Dep't of Def.*, 601 U.S. 480, 484 (2024) (internal quotations omitted; alteration in original). Different from this is a procedural requirement that Congress enacts to govern the litigation process. *Id.* at 483. A court will treat a procedural requirement as jurisdictional only if Congress "clearly states that it is." *Id.* at 484 (internal quotations omitted) (holding that the 60-day deadline for filing an appeal under 5 U.S.C. § 7703(b)(1) is non-jurisdictional because the statute makes "no mention of the Federal Circuit's jurisdiction, whether generally or over untimely claims"). Setting aside that the provision at issue is a regulation issued by an executive agency, and not a statute enacted by Congress, this regulation makes no clear statement, let alone discusses, this court's authority to hear an appeal of an inter partes review. 37 C.F.R. § 90.2(a)(3)(ii) (noting that a notice of appeal from an inter partes review "must provide sufficient information to allow the [PTO] Director to determine whether to exercise the right to intervene in the appeal . . . ."). Thus, this regulatory provision is not jurisdictional in nature. Any failure by ELCO to timely file a notice of appeal in compliance with this provision does not affect our authority to review this appeal.[4]

---

[4] Moreover, it is undisputed that ELCO did timely file a notice of appeal, albeit without the information required under 37 C.F.R. § 90.2(a)(3)(ii). ELCO then later

Turning to ELCO's arguments, ELCO first argues that the Board erred in not determining that claim 22 was anticipated by Imtra 2011 because the Board previously determined claim 17 was anticipated. Appellant Br. 13.[5] ELCO's argument is meritless. ELCO's petition did not challenge claim 22 as anticipated by Imtra 2011 but rather as obvious under separate grounds. J.A. 77. ELCO cannot raise a new ground of unpatentability on appeal. *See* 35 U.S.C. § 312(a)(3); *Henny Penny Corp. v. Frymaster LLC*, 938 F.3d 1324, 1330–31 (Fed. Cir. 2019).

Second, ELCO argues that the Board's determination that ELCO failed to show obviousness of Limitation M of claim 22 under ground two was unsupported by substantial evidence. Appellant Br. 15. According to ELCO, its petition sufficiently showed that this limitation was obvious. *Id.* at 15–18. We disagree. The petition provides an analysis of why Limitation M was obvious over Imtra 2011 and Imtra 2007, ground two of the petition. J.A. 124. This analysis, however, does not discuss Limitation M's requirement for "coupl[ing] to electricity from an electrical system of a building in which the compact recessed lighting system is installed." J.A. 167, 11:41–43; *see* J.A. 124. Additionally, the one page of Imtra 2011 and the two paragraphs of the expert declaration this analysis cites to do not discuss installation of recessed lighting in a building, as required

---

filed a corrected notice of appeal with the missing information with each of the Board and the PTO. J.A. 9071. The PTO responded to ELCO that the "corrected notice provides us the information we need to make our decision." *Id.* Thus, any harm in ELCO not providing sufficient information in its initial notice of appeal was harmless.

[5] As previously noted, the Board initially found, and we affirmed on appeal, that claim 17 was anticipated by Imtra 2011. *AMP Plus, Inc.*, 2020 WL 6811241, at *17; *AMP Plus, Inc.*, 2022 WL 16844516, at *7.

under Limitation M. *See* J.A. 124–25 (quoting J.A. 396 (pg. 6 of Imtra 2011); citing J.A. 244 (¶¶158–159 of Bretschneider declaration)). Thus, the petition and the supporting documentation relied on by the petition are substantial evidence supporting the Board's determination that ELCO failed to show the unpatentability of Limitation M of claim 22.

ELCO's position boils down to an invitation for this court to comb through other sections of its petition and find support for its obviousness argument for Limitation M of claim 22. ELCO's position goes too far. An obviousness analysis should not be rigid. *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 415 (2007). However, the law of obviousness does not require the court, or the Board, to develop arguments for a limitation that the petition simply did not make.

## CONCLUSION

We have considered ELCO's remaining arguments and find them unpersuasive. For the reasons provided, we affirm.

## AFFIRMED

## COSTS

Costs for DMF.